UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA DEES; L.G., a minor; G.G., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; et al.,<br><br>Defendants. | Case No.:  14cv189-BEN (DHB)<br><br>**ORDER GRANTING IN PART DEFENDANTS' EX PARTE REQUEST TO EXTEND THE EXPERT DISCOVERY CUT-OFF DATE TO ALLOW THE DEPOSITIONS OF SIBYL WESCOE, M.D. AND JOHN ANDERSON, ESQ.**<br><br>**[ECF No. 44]** |

On October 23, 2015, Defendants County of San Diego, Caitlin McCann, Gloria Escamilla-Huidor, Srisuda Walsh, Alberto Borboa, Norma Rincon, and Corey Kissel filed an ex parte request to extend the October 23, 2015 deadline to complete expert discovery to allow for the depositions of two individuals: Sibyl Wescoe, M.D., and John Anderson, Esq. (ECF No. 44.) Plaintiffs Sara Dees and minors L.G. and G.G., through their Guardian Ad Litem, Robert Schiebelhut, filed an opposition to Defendants' request on October 27, 2015. (ECF No. 45.) For the reasons set forth below, Defendants' request is **GRANTED** with respect to Dr. Wescoe and **DENIED** with respect to Mr. Anderson.

///

By way of background, and as relevant to the issue presently before the Court, Plaintiffs allege in this lawsuit that in November 2012, Plaintiff Sara Dees' husband, Robert Dees, took two photographs of his daughter (Plaintiff Sara Dees' stepdaughter) while she was unclothed because "she was learning in school about puberty and body changes and wanted to have photographs taken periodically of herself unclothed that she could use to create a slide show of her growth and development. Robert Dees did show his daughter how to use a camera and did take two photographs of his natural daughter. Those photographs were never downloaded or printed, in fact in December [2012] Robert erased the photographs after discussions with family." (ECF No. 1 at ¶ 13.)[1]

Defendants contend that "[o]ne of the issues in this lawsuit concerns the conduct of Plaintiff Sara Dees after she learned of photographs taken of her step-daughter. Ms. Dees has stated that the decision to have the photographs deleted was based on statements made to her by Dr. Wescoe and Mr. Anderson. Thus, Defendants believe it is necessary to take the deposition of Dr. Wescoe and Mr. Anderson." (ECF No. 44-1 at 1:27-2:4.)

**A.   Dr. Wescoe**

Regarding Dr. Wescoe, Defendants contend that an extension of the October 23, 2015 expert discovery cutoff is warranted because "Dr. Wescoe is not available to be deposed until November 3, 2015." (ECF No. 44 at 1:26-27.) On October 22, 2015, Dr. Wescoe's attorney informed Defendants' counsel that he, Dr. Wescoe's attorney, was unavailable to attend a deposition on October 23, 2015, but that he was willing to produce Dr. Wescoe for her deposition on November 3, 2015 at 10:00 a.m.

Plaintiffs maintain that Dr. Wescoe was never properly served with a deposition subpoena, but rather the subpoena was only for document production and, pursuant to the psychotherapist-patient privilege, such documents are privileged and not discoverable.

---

[1]   Plaintiffs' Complaint contains additional allegations, including the subsequent investigation by the County into the photographs and resulting child custody proceedings (*see generally* ECF No. 1 at ¶¶ 14-29), but the Court does not summarize them here as they are not necessary to resolve Defendants' ex parte request.

The Court agrees with Plaintiffs that Defendants' subpoena to Dr. Wescoe was not a deposition subpoena. However, based on the fact that the subpoena was accompanied by a notice of deposition, it appears Defendants' intent was to conduct the deposition of Dr. Wescoe. The Court will excuse Defendants' failure in this regard and permit Dr. Wescoe's deposition to go forward after the October 23, 2015 cutoff. However, Defendants are cautioned that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffe v. Redmond*, 518 U.S. 1, 15 (1996). The issue of the scope of this privilege as applied to this case, and whether there exists a waiver of the privilege, are not properly before the Court given that Defendants' requested relief is to permit the deposition to take place after the cutoff. Accordingly, the Court declines to address at this time any potential arguments Plaintiffs may assert with respect to the privilege.

The Court also notes that the November 3, 2015 deposition date was unilaterally selected between counsel for Defendants and Dr. Wescoe, and that Plaintiffs' counsel was not consulted and is not available on that date. Accordingly, the Court orders that Dr. Wescoe's deposition shall not proceed until a date is selected that is agreeable to all parties, Dr. Wescoe, and their counsel. Counsel are instructed to meet and confer to reach an agreeable date. Absent further order from the Court, Dr. Wescoe's deposition shall take place no later than **November 10, 2015**.

**B.    Mr. Anderson**

Regarding Mr. Anderson, Defendants contend that an extension of the October 23, 2015 expert discovery cutoff is warranted because "Mr. Anderson, though he was served with a deposition subpoena this week [*i.e.*, the week of October 19-23], has asserted his subpoena was not timely served and objected to appearing for his deposition on October 23, 2015." (ECF No. 44 at 1:27-2:1.)

As Plaintiffs' opposition makes clear, Defendants did not personally serve Mr. Anderson with a deposition subpoena until 3:55 p.m. on October 22, 2015, less than

twenty-four hours before the scheduled deposition. This eleventh-hour effort "fails to allow a reasonable time to comply." FED. R. CIV. P. 45(d)(3)(A)(i). As a result, the Court **QUASHES** the subpoena served on Mr. Anderson on October 22, 2015.

The Court also notes that Defendants' prior attempt to serve Mr. Anderson with a subpoena is insufficient. That subpoena, mailed on October 15, 2015, was not personally served on Mr. Anderson, as required by Rule 45. Moreover, that subpoena was for document production rather than deposition testimony, yet there was no documents identified for production. And even if the Court overlooked these technical violations of Rule 45, Mr. Anderson did not receive the subpoena until his staff found it outside his office door on October 19, 2015, four days before the date scheduled for compliance. This subpoena also "fails to allow a reasonable time to comply." *Id.* As a result, the Court **QUASHES** Defendants' initial subpoena to Dr. Anderson.

As Defendants failed to initiate discovery with respect to Mr. Anderson in order to complete the deposition by the October 24, 2015 deadline, the Court declines to extend the deadline to permit Defendants to take Mr. Anderson's deposition.

**C.   Conclusion**

For the reasons set forth above, Defendants' ex parte request to extend the October 23, 2015 expert discovery cutoff is **GRANTED** as to Dr. Wescoe and **DENIED** as to Mr. Anderson.[2]

IT IS SO ORDERED.

Dated: October 30, 2015

DAVID H. BARTICK
United States Magistrate Judge

---

[2] Defendants' counsel shall serve a copy of this order on Dr. Wescoe's counsel and Mr. Anderson no later than **November 2, 2015**.