UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA DEES; L.G., a minor, and G.G., a minor, by and through their Guardian ad Litem, Robert Schiebelhut,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY; CAITLIN McCANN; SRISUDA WALSH; GLORIA ESCAMILLA-HUIDOR; COREY KISSEL; NORMA RINCON; ALBERTO BORBOA, and DOES 4 through 100, inclusive,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:14-cv-0189-BEN-DHB<br><br>**ORDER DENYING DEFENDANT COUNTY OF SAN DIEGO'S MOTION FOR CERTIFICATION OF PETITION FOR PERMISSIVE INTERLOCUTORY APPEAL** |

　　　　Before this Court is Defendant County of San Diego's (the "County") Motion for Certification of Petition for Permissive Interlocutory Appeal pursuant to 29 U.S.C. § 1292. (Mot., ECF No. 74.) The County seeks to appeal the part of this Court's summary judgment order that denied Defendants judgment on Plaintiffs' *Monell* claim related to school interviews of suspected child abuse victims. (Order Den. Pls.' Partial Mot. Summ. J. & Granting In Part Defs.' Mot. Summ. J. ("SJ Order") at 16-17, ECF No. 72.)

1

Plaintiffs oppose the County's request to file an interlocutory appeal. (Opp'n, ECF No. 75.) For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

This case concerns alleged violations of Plaintiffs' constitutional rights under 42 U.S.C. § 1983 related to defendant social worker Caitlin McCann's interviews of Plaintiff Sara Dees's minor children, L.G. and G.G., in connection with a child abuse investigation. McCann interviewed the children twice. Her second interview of the children, which occurred at their school without parental consent, is at issue in this Motion.

After substantial discovery, the parties filed cross-motions for summary judgment. On May 13, 2016, this Court issued an order denying Plaintiffs' motion and partially granting Defendants' motion. In relevant part, the Court denied Defendants' motion on Plaintiffs' *Monell* claim for municipal liability related to the County's school interview policy. The policy provides:

> CWS SWs are authorized to interview a suspected victim of child abuse during school hours and to conduct the interview on school grounds.
>
> A SW may interview a child who may be a victim of abuse or neglect without a parent's consent. (This may include other children in the referred family since they may be potential victims.) However, a child who is **not** an alleged victim or member of the referred family cannot be interviewed without a parent's consent.

This Court found that, by the time of the school interview, McCann "did not have any reason to suspect that L&G had ever been abused or witnessed anyone else being abused. . . . Thus, in this case, it would appear that McCann lacked a constitutionally permissible reason for conducting any interviews of L&G at their school without either of their parents' consent even though McCann was acting in compliance with County policy. While no binding authority has yet answered the present constitutional question, other courts agree that interviewing minors at school without parental consent can violate constitutional rights. The policy at issue allows social workers to interview children

without parents' consent—even parents who are not suspected of abuse or do not live with one suspected of abuse—and even where no exigency exists.  Such a policy unnecessarily interferes with a parent's right to raise his or her children."  (SJ Order at 16 (internal citations omitted).)  On this basis, Defendants' motion was denied.  The County's Motion to appeal this ruling followed.

## LEGAL STANDARD

Under 28 U.S.C. § 1292(b), a party may move a district court to certify an "otherwise [un]appealable" order for interlocutory review.  In order to certify the order, the court must find that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  The moving party bears the burden of demonstrating these prerequisites, *Couch v. Telescope Inc.,* 611 F.3d 629, 633 (9th Cir. 2010), and that burden is a heavy one.  "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."  *James v. Price Stern Sloan, Inc.,* 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).  The Ninth Circuit has stressed that § 1292(b) is to be applied sparingly and only in exceptional situations in which an interlocutory appeal would help avoid protracted and expensive litigation.  *In re Cement Antitrust Litig.,* 673 F.2d 1020, 1026 (9th Cir. 1982).

## DISCUSSION

The County seeks permission to appeal the Court's ruling on Plaintiffs' *Monell* claim regarding the County's school interview policy.  The County argues that the dispute about the school interview policy involves a controlling issue of law, there is substantial ground for difference of opinion, and an immediate appeal would materially advance the ultimate termination of the litigation.  This Court disagrees.

To start, the County has not met the first and third criteria under § 1292(b).  These criteria substantially overlap:  In order for an issue to be "controlling," it must be shown that resolution of the issue on appeal "could materially affect the outcome of litigation in

the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. Similarly, § 1292(b)'s third prong asks whether certifying the issue for interlocutory appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Other courts in this district have cited Wright, Miller, and Cooper's *Federal Practice & Procedure* to explain:

> The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law. . . . [Q]uestions found to be controlling commonly involve the possibility of avoiding trial proceedings, or at least curtailing and simplifying pretrial or trial. . . . If present appeal promises to advance the time for trial or to shorten the time required for trial, appeal is appropriate. Immediate appeal may be found inappropriate if there is a good prospect that the certified question may be mooted by further proceedings [or] if the character of the trial is not likely to be affected.

*Mann v. Cnty. of San Diego*, No. 3:11-CV-0708-GPC-BGW, 2016 WL 245480, at *3 (S.D. Cal. Jan. 21, 2016) (citing 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930 (3d ed.) (footnotes omitted)).

The County does not satisfy these criteria. This Court has found that genuine disputes of material fact exist as to Plaintiff's Fourth and Fourteenth Amendment claims against McCann for her initial interviews of L.G. and G.G. in their home and whether McCann falsely imprisoned L.G. and G.G. during the in-home interviews. These claims are proceeding to trial. Thus, an interlocutory appeal would not present the possibility of avoiding trial proceedings, curtailing and simplifying pretrial or trial, or affecting the character of the trial. *See Mann*, 2016 WL 245480, at *3 (criteria for interlocutory appeal of *Monell* claim not met where actions against defendant social workers proceeding to trial).

Moreover, it is possible that a certified interlocutory appeal would be rendered moot by final judgment. The circumstances in this case are similar to those in *Mann*, where the court denied the motion for certification of petition for interlocutory appeal:

> Here, this case has moved past the summary judgment phase and is set for an

> imminent trial. Hence, a final judgment would almost certainly be rendered before the court of appeals would decide an interlocutory appeal, which would produce a more robust record for the appellate court to consider upon appeal than the record that would be before the appellate court on an interlocutory appeal. This renders it likely that any pending interlocutory appeal would be dismissed as moot once final judgment is rendered. Permitting an interlocutory appeal thus risks the unnecessary expenditure of judicial resources, while denial only briefly delays [the County's] opportunity to challenge the Court's ruling after final judgment has been entered.

*Mann*, 2016 WL 245480, at *4; *see also Shurance v. Planning Control Intern., Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) (interlocutory appeal would not materially advance the termination of the litigation where the appeal probably could not be completed before the trial was currently scheduled). The Court sees no reason to further delay this case and allow piecemeal litigation.

Furthermore, there is no substantial ground for difference of opinion. "[S]ubstantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Couch*, 611 F.3d at 633 (citing 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted)). However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.*

The County argues that no federal case has addressed the precise questions at issue. But that is not grounds for finding a substantial ground for disagreement. *See Couch*, 611 F.3d at 634 ("It is well settled that 'the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.'"). The County further contends that the Court's ruling implicitly holds California Penal Code § 11174.3 unconstitutional, and no other court has found so. But that is incorrect. The Court's order does not address the

5

3:14-cv-0189-BEN-DHB

state statute.  Although the school policy is similar to the statute, they are not the same.  The policy specifically allows school interviews without parental consent, while the statute is silent on the issue.

The summary judgment order recognized that "[p]arents and children have a well-elaborated constitutional right to live together without governmental interference." *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 1999).  "That right is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency." *Id.*  Further, the Fourth Amendment protects individuals from unreasonable searches and seizures conducted by government officials.  U.S. Const., amend. IV.  The Court's order cited other courts that found interviews of minors at school without parental consent to be seizures under the Fourth Amendment.  SJ Order at 16; *see also Shuey v. Cnty. of Ventura*, No. 2:14-cv-9520, 2015 WL 6697254, at *1, *5 (C.D. Cal. Nov. 3, 2015) (finding that complaint alleged a Fourth Amendment seizure where seven-year-old was interviewed at school by social workers without parental consent).  Although the state has a "legitimate role . . . in protecting children from abusive parents," "in the area of child abuse, as with the investigation and prosecution of all crimes, the state is constrained by the substantive and procedural guarantees of the Constitution." *Wallis*, 202 F.3d at 1300.

Against this background, the Court denied the County's motion for summary judgment on the *Monell* claim, finding the school interview policy interfered with Plaintiffs' constitutional rights.  The County's Motion does not convince the Court that this ruling contradicts other established precedent.  Disagreement with the Court's opinion does not create a substantial ground for difference of opinion.  *Couch*, 611 F.3d at 633 ("That settled law might be applied differently does not establish a substantial ground for difference of opinion."); *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (section 1292(b) "was not intended merely to provide review of difficult rulings in hard cases").

/ / /

**CONCLUSION**

Based on the foregoing, the Court concludes that the criteria required to certify an issue for interlocutory appeal are not met. The County's Motion is **DENIED.**

**IT IS SO ORDERED.**

Dated:  September 30, 2016

Hon. Roger T. Benitez
United States District Judge