1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                        SOUTHERN DISTRICT OF CALIFORNIA
10

11   SARA DEES; L.G., a minor, and G.G., a        Case No.:  3:14-cv-0189-BEN-DHB
12   minor, by and through their Guardian ad
     Litem, Robert Schiebelhut,                   **ORDER ON MOTIONS IN LIMINE**
13                                                 **AND OTHER PRETRIAL ISSUES**
                                  Plaintiffs,
14
     v.
15
     COUNTY OF SAN DIEGO; SAN
16   DIEGO COUNTY HEALTH AND
     HUMAN SERVICES AGENCY;
17   CAITLIN McCANN; SRISUDA
     WALSH; GLORIA ESCAMILLA-
18   HUIDOR; COREY KISSEL; NORMA
     RINCON; ALBERTO BORBOA, and
19
     DOES 4 through 100, inclusive,
20
                                  Defendants.
21
22
23
24          This case, which arises out of a child abuse investigation of Plaintiffs' family
25   conducted by the County of San Diego, is set to begin trial on February 7, 2017.  Now
26   before the Court are several motions in limine to exclude evidence and pretrial briefs on
27   three issues contested by the parties.  The Court will address each issue in turn.
28   / / /

# I.     Pretrial Briefs

On December 13, 2016, at the pretrial conference, the Court ordered additional briefing on three issues:  (1) whether deliberate indifference is a required element of Plaintiffs' *Monell* claim against the County of San Diego; (2) whether Defendant Caitlin McCann is entitled to absolute immunity from Plaintiffs' claim of false imprisonment under California Government Code section 821.6; and (3) Plaintiffs' burden of proof on their Fourteenth Amendment due process claim against McCann.

## A. Deliberate Indifference Element in *Monell* Claim

Previously, the parties did not dispute whether deliberate indifference is a required element for *Monell* liability.  However, Plaintiffs now argue that deliberate indifference is not a required element.  They further contend that this Court should enter summary judgment on their *Monell* claim related to McCann's interview of the children at school because the Court has already found that undisputed facts establish all of the elements of the claim.  Defendants appear to concede that Plaintiffs do not need to prove deliberate indifference but they maintain that Plaintiffs "need to show the County of San Diego *intentionally deprived* them of a federally protected right, and that the County's *deliberate* conduct in forming the policy was the moving force behind the alleged injuries."  (Defs.' Reply to Pls.' Br. re *Monell* Claim at 4, ECF No. 107 (emphasis added)).  They assert that the Court has not already found, as a matter of law, all elements of Plaintiffs' *Monell* claim and therefore summary judgment would be inappropriate.

Plaintiffs must show deliberate indifference when they "allege that through its *omissions* the municipality is responsible for a constitutional violation committed by one of its employees, even though the municipality's policies were facially constitutional, the municipality did not direct the employee to take the unconstitutional action, and the municipality did not have the state of mind required to prove the underlying violation." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1186 (9th Cir. 2002) (emphasis in original), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).  In such a case, plaintiffs must show that "the municipality's deliberate

3:14-cv-0189-BEN-DHB

indifference led to its omission and that the omission caused the employee to commit the constitutional violation." *Id.*

However, Plaintiffs are not bringing a claim against the County for its failure to act. Rather, they assert that the County is liable under the "direct path" to *Monell* liability. Under this route, "a plaintiff can show that a municipality itself violated someone's rights or that it directed its employee to do so." *Id.* at 1185. "In considering whether a municipality itself violated a person's rights or directed its employee to do so, the focus is on the municipality's 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Id.* at 1187. Plaintiffs claim that the County's school interview policy is itself unconstitutional because it allows children to be interviewed without parental notice or consent when the parent is not suspected of abuse. The focus here is on the County's policy, not its omissions or inaction. Therefore, it is clear that deliberate indifference is not a required element for the type of *Monell* claim that Plaintiffs bring. *See, e.g.*, *Mann v. Cnty. of San Diego*, No. 3:11-cv-0708-GPC-BGS, 2016 WL 3365746, at *8 (S.D. Cal. June 17, 2016) (finding that plaintiffs need not show deliberate indifference where plaintiffs challenged County policy).

The question remains whether Plaintiffs need to prove that the County "intentionally deprived them of a federally protected right, and that the County's deliberate conduct in forming the policy was the moving force behind their alleged injuries." (Defs.' Reply to Pls.' Br. re *Monell* Claim at 4). To the extent that the County argues that Plaintiffs must prove that the County knew it enacted an unconstitutional policy, *Monell* does not require such a high showing. Lest there be any confusion, the Court reaffirms its previous statement that it follows the Ninth Circuit's Model Jury Instructions, where applicable. Ninth Circuit Model Jury Instruction 9.5 applies to section 1983 claims against municipalities based on official policy, practice, or custom. The instruction sets forth the applicable elements to prove Plaintiffs' *Monell* claim:

(1) Defendant's employee acted under color of state law;

(2) The acts of defendant's employee deprived the plaintiffs of their particular rights under the Constitution;

(3) The defendant's employee acted pursuant to an expressly adopted official policy of defendant; and

(4) The defendant's official policy caused the deprivation of the plaintiff's rights by the defendant's employee; that is, the defendant's official policy is so closely related to the deprivation of plaintiff's rights as to be the moving force that caused the ultimate injury.

The instruction explains that it should be used in conjunction with an applicable "particular rights" instruction that states the additional elements a plaintiff must establish to prove the violation of the particular constitutional rights at issue. The Court sees no reason not to adopt this instruction for Plaintiffs' *Monell* claim.

As to Plaintiffs' argument that the Court should enter summary judgment in their favor on the *Monell* claim, the Court declines to do so. Plaintiffs must still put forth facts to establish all of the elements of their *Monell* claim. For instance, Plaintiffs must prove that L.G. and G.G. were seized within the meaning of the Fourth Amendment during the school interviews. Plaintiffs never moved for summary judgment on this issue, and the facts regarding the circumstances of the interview are disputed. Thus, the Court denies Plaintiffs' request that summary judgment be entered on the *Monell* claim.

**B. Absolute Immunity**

Defendants contend that Defendant McCann is entitled to absolute immunity from Plaintiffs' false imprisonment claim under California Government Code section 821.6 and, accordingly, that this Court should dismiss that claim. Under section 821.6:

A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause.

Cal. Gov't Code § 821.6.  Defendants argue that this section provides absolute immunity to social workers who are alleged to have conducted an interview of a child by the use of coercion, as is alleged here.  They primarily rely on *Olvera v. County of Sacramento*, 932 F. Supp. 2d 1123, 1177-78 (E.D. Cal. 2013), which held that a social worker had immunity from an intentional infliction of emotional distress claim based on allegedly coercive interviews.  There was no claim for false imprisonment.

Defendants ignore that the California Supreme Court has narrowly interpreted section 821.6.  In *Sullivan v. County of Los Angeles*, 12 Cal. 3d 710, 719 (1974), the California Supreme Court explained that "the history of section 821.6 demonstrates that the Legislature intended the section to protect public employees from liability only for Malicious prosecution and not for False imprisonment."  The court held that "section 821.6 cannot be interpreted to defeat the common law liability for false imprisonment."  *Id.* at 722.

The Ninth Circuit recently considered the scope of section 821.6.  *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016).  The Ninth Circuit acknowledged that California Courts of Appeal have interpreted section 821.6 more expansively since *Sullivan*, applying its reach to claims other than malicious prosecution.  Nevertheless, "[w]hen interpreting state law, a federal court is bound by the decision of the highest state court."  *Id.* (internal citations omitted).  Thus, the Ninth Circuit determined that "the California Supreme Court would adhere to *Sullivan* even though California Courts of Appeal have strayed from it."  *Id.*  As a result, the Ninth Circuit held that the district court erred when it dismissed state law claims that were not malicious prosecution claims based on immunity under section 821.6.  *Id.*

This Court is bound by *Sullivan* and *Garmon*.  Defendant McCann is not entitled to immunity from the false imprisonment claim under section 821.6.  The Court denies Defendants' request to dismiss that claim.

/ / /

/ / /

### C. Burden of Proof on Fourteenth Amendment Due Process Claim

"[D]ue process violations under the Fourteenth Amendment occur only when official conduct 'shocks the conscience.'" *Gantt v. City of Los Angeles*, 717 F.3d 702, 707 (9th Cir. 2013) (internal citations omitted).  There are two standards to determine whether conduct "shocks the conscience":  whether the official acted with "deliberate indifference" or whether he or she acted with a "purpose to harm," a more demanding showing.  *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).  To determine which standard applies, the critical question is "whether the officers had the opportunity for actual deliberation."  *Id.* at 1138.  The "purpose to harm" standard applies when the official "encounters fast paced circumstances presenting competing public safety obligations," such as when police officers are in high speed car chases or situations with active shooters.  *Id.* at 1139.  Under such circumstances, the official must make a snap judgment because of an escalating situation.  *Id.* at 1137.  In contrast, the "deliberate indifference" standard is "employed only when actual deliberation is practical," such as where "officers have ample time to correct their obviously mistaken detention of the wrong individual, but nonetheless fail to do so."  *Id.* at 1137, 1139.

Here, Plaintiffs contend that they only need to show that McCann acted with deliberate indifference when she interviewed the minor children at their home. Defendants contend that the "purpose to harm" standard should apply.  Based on the Court's understanding of the facts, it has doubts whether Defendants can show that McCann was in such a fast-paced, rapidly evolving situation when she decided to interview the children that the "purpose to harm" standard should apply.  However, the Court will withhold a determination on the proper standard until after all of the facts have been presented at trial.

Plaintiffs also suggest that they need not make a separate showing that McCann's conduct "shocks the conscience."  To the extent that Plaintiffs contend that "shocks the conscience" is a separate standard that they need not prove, that is incorrect.  That McCann's conduct "shocks the conscience" is a required element of the Fourteenth

Amendment claim.  The "purpose to harm" and "deliberate indifference" standards are subsets of the "shocks the conscience" element.  *Id.* at 1137.  "Each of these [standards] satisfies the broader 'shocks the conscience' standard."  *Gantt*, 717 F.3d at 708.  However the parties agree to explain the law in their proposed jury instructions, "shocks the conscience" is an element of the claim, which can be satisfied by a showing that the official acted with "deliberate indifference" or a "purpose to harm."

Finally, Defendants make an offhand request that the Court dismiss Plaintiffs' Fourteenth Amendment claim because it rests on an invalid legal theory.  The Court declines that request.  Defendants already presented this argument during summary judgment, and the Court has already ruled that genuine issues of fact preclude summary judgment.

## II.   Motions in Limine

Rulings on motions in limine fall entirely within this Court's discretion.  *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).  Evidence is excluded on a motion in limine only if the evidence is clearly inadmissible for any purpose.  *Fresenius Med. Care Holdings, Inc., v. Baxter Int'l, Inc.*, No. C 03-1431 SBA (EDL), 2006 WL 1646113, at *3 (N.D. Cal. June 12, 2006).  If evidence is not clearly inadmissible, evidentiary rulings should be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context.  *See Bensimon*, 172 F.3d at 1127 (when ruling on a motion in limine, a trial court lacks access to all the facts from trial testimony).  Denial of a motion in limine does not mean that the evidence contemplated by the motion will be admitted at trial.  *Id.*  Instead, denial means that the court cannot, or should not, determine whether the evidence in question should be excluded before trial.  *Id.*; *see also McSherry v. City of Long Beach*, 423 F.3d 1015, 1022 (9th Cir. 2005) (rulings on motions in limine are subject to change when trial unfolds).

/ / /

/ / /

### A. Plaintiffs' Motions in Limine

#### 1.   Motion No. 1 – Referral Allegations

Plaintiffs seek to exclude evidence about details of the allegations that led to the referrals made to the County of San Diego Health and Human Services Agency ("HHSA").  Specifically, they seek to exclude witness testimony about knowledge of the nude photographs of Ka. Dees taken by her father, Robert Dees, at his daughter's request. They contend that such testimony will be duplicative and cumulative and highly prejudicial to Plaintiffs, causing the jury to focus on the conduct of Robert Dees rather than the constitutional violations at issue.  Rather than allow Defendants to present this evidence, Plaintiffs ask the Court to read a short statement to the jury about the nature of the allegations to provide a backdrop to the claims.

The Court **DENIES** Plaintiffs' motion.  The details of the referral allegations are relevant to explain why Defendant McCann sought to interview L.G. and G.G.  They are also relevant to Plaintiffs' request for punitive damages, which requires proof that McCann's conduct was "malicious, oppressive, or in reckless disregard" of Plaintiffs' rights.  *See* Ninth Circuit Model Jury Instruction 5.5.  Understanding why McCann pursued the investigation, and what she knew before she interviewed Plaintiffs L.G. and G.G., is relevant to proving that she acted with the requisite "evil motive or intent" or "reckless or callous indifference to the federally protected rights" of Plaintiffs.  *Terry v. McBride*, No. 07-2360, 2009 WL 3150252, at *8 (S.D. Cal. Sept. 28, 2009) (citing other cases).

Plaintiffs argue that the referral evidence is unfairly prejudicial and violates the privacy rights of Robert Dees and Ka. Dees.  As an initial matter, the referral allegations and the investigation that they produced are the very reason for this lawsuit.  Second, Plaintiffs have not identified which evidence they believe would be unfairly prejudicial beyond the fact that the same details might be repeated by multiple witnesses.  The photographs will not be shown in Court and are protected from disclosure by a protective order issued by the state juvenile court.  Further, Plaintiffs cite no law to support their

8

1    contention that Robert and Ka. Dees' privacy rights will be violated by recounting the

2    information that prompted the investigation.  In fact, Plaintiffs' witness list includes both

3    Robert and Ka. Dees as expected witnesses.

4           Defendants are entitled to present this evidence to the jury, rather than agree to a

5    statement to be read to the jury.  To the extent Defendants "attempt to parade witnesses in

6    front of the jury" to recount the details of the HHSA referral, as Plaintiffs anticipate, the

7    better recourse to deal with an attempt to present such evidence is through an appropriate

8    objection at trial.

9                         2.    Motion No. 2 –Witness Opinion Testimony

10          Plaintiffs seek to exclude the opinions of any "lay witness about whether

11   Defendants' actions were appropriate or professional, or whether Defendant McCann

12   made any mistakes" as well as the "opinion of *any* witness regarding whether or not they

13   believed the photographs themselves were appropriate."  (Pls.' Mot. at 2 (emphasis in

14   original)).  They argue that such opinions are irrelevant, prejudicial, and would confuse

15   the jury.

16          The Court reserves ruling on the admissibility of lay witness opinion testimony

17   about McCann's actions and professionalism.  Under Federal Rule of Evidence 602, a lay

18   witness may testify to a matter only if he or she has personal knowledge of the matter.

19   Fed. R. Evid. 602.  And, a lay witness's opinion must be rationally based on the witness's

20   perception and helpful to the trier of fact.  Fed. R. Evid. 701.  Depending on the witness

21   and the question, such testimony may be admissible.

22          As to Plaintiffs' request that all witnesses should be precluded from testifying

23   about whether "they believed the photographs themselves were appropriate," the Court

24   agrees that it would be irrelevant to ask a witness whether he or she believed it was

25   appropriate for Robert Dees to take the photographs.  However, to the extent a witness

26   opines about his or her reactions to the photographs, such testimony could be relevant if

27   the reactions were shared with McCann and she took certain investigatory steps in

28

response.  The Court will rule on objections to specific questions at trial.  Therefore, the motion is **GRANTED in part** and **DENIED in part.**

### 3.   Motion No. 3 – Speculation or Inference

Plaintiffs move to exclude "Defendants, . . . their counsel and witnesses, from speculating or inferring outside the evidence."  (Pls.' Mot. at 1).  They offer three examples of issues that might be covered by this motion:  (1) testimony that there were more than two pictures taken of Ka. Dees; (2) testimony that the photographs were taken for any purpose other than to document Ka. Dees's puberty; and (3) testimony that Ka. Dees looked "horrified" in the photographs.  Plaintiffs argue that any "argument, testimony, or evidence wherein a witness or counsel speculates as to some other characterization of the photographs must be excluded."  (*Id.* at 3).

While the Court generally agrees that speculative testimony and unwarranted inferences should not be allowed at trial, the Court declines to issue an order at this time. Plaintiffs' request is best left to objecting to particular questions that Defendants ask witnesses at trial.  With Plaintiffs' specific examples, they seek to limit evidence to what they contend the results of the investigation actually showed.  But testimony on those topics is relevant to how McCann conducted the investigation and her decision to interview L.G. and G.G.  It might also be relevant to whether McCann acted in a malicious, oppressive, or reckless manner to support Plaintiffs' punitive damages claim. Thus, the Court **DENIES** Plaintiffs' motion.

### 4.   Motion No. 4 – Evidence from Alfredo Gil

Plaintiffs seek to exclude evidence or testimony from Alfredo Gil, the biological father of L.G. and G.G., regarding his concerns about the incident.  Plaintiffs specifically point to Gil's deposition testimony in which he said he was concerned that Robert Dees could be a pedophile or child molester, and that he later learned from McCann that Sara Dees was "involved" and "agreed with Robert" about his actions.  Mr. Gil testified that he told the judge at a family court hearing that "the father had taken nude photos of his daughter.  And to me, that just wasn't appropriate, and I didn't feel secure or safe with

1  my kids being in that house with their stepfather." (Pls.' Mot. at 2 (citing Gil deposition

2  testimony)).

3         Defendants have designated Mr. Gil as a witness to testify about "damages."

4  (Pretrial Order at 7, ECF No. 90). In Defendants' response to Plaintiffs' motion, they do

5  not specify what sort of "damages" testimony Mr. Gil might provide beyond suggesting

6  that he might testify to rebut Plaintiffs' request for punitive damages. For instance, if Mr.

7  Gil spoke to McCann, those statements might be relevant to whether McCann acted

8  maliciously, oppressively, or recklessly. Therefore, while some of Mr. Gil's testimony

9  might be more prejudicial than probative under Federal Rule of Evidence 403, the Court

10 will reserve ruling on its admissibility. The admissibility of his testimony will depend on

11 the particular question asked and the purpose for which it is offered. The Court **DENIES**

12 Plaintiffs' motion.

13              5.    Motion No. 5 – Other Photographs or Video of Ka. Dees

14        Plaintiffs move to exclude evidence or testimony that Robert Dees took nude

15 photographs and videos of his current wife, Sara Dees, and his ex-wife, Kelly Hunter.

16 The motion is **DENIED.** Such evidence may be relevant to explain why McCann

17 pursued interviews of L.G. and G.G. and to Plaintiffs' claim for punitive damages. For

18 instance, if McCann's decision to interview the children was partly motivated by

19 knowledge that Mr. Dees had taken nude photographs of his wives, then such evidence is

20 relevant to explain her actions.

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

**B. Defendants' Motions in Limine**

    1.   <u>Motion No. 1 – Plaintiffs' Expert Rebecca Nelson</u>

Defendants move to exclude or limit the testimony offered by Plaintiffs' social work expert, Rebecca Nelson. Defendants identify several opinions that they seek to exclude, which the Court addresses in turn.

    a.  *Opinion that Mr. Dees's conduct in taking the photographs was not unlawful.*

Plaintiffs agree that testimony from social workers or experts about whether Mr. Dees's conduct was lawful or unlawful is not relevant and that such testimony should be excluded. Therefore, Nelson's opinion about the lawfulness of Mr. Dees's actions will be excluded.

    b.  *Opinion that McCann coerced Sara Dees's consent to the home interviews.*

The parties agree that whether consent was coerced is a factual issue to be decided by the jury. Thus, Nelson's opinion about whether McCann coerced Dees's consent to the interviews will be excluded.

    c.  *Opinion that McCann coerced Sara Dees's consent to sign the safety plan.*

Plaintiffs agree that any testimony regarding signing the safety plan is not relevant to the issues to be tried in this case. Nelson's opinion on this issue will be excluded.

    d.  *Opinions related to McCann's removal of the Gil children to their father's custody.*

Nelson offers opinions related to McCann changing Sara Dees's custodial rights, failing to inform Mrs. Dees of her custodial rights, and removing the children to their father's custody by using an oral safety plan. Plaintiffs agree that testimony regarding the removal is not relevant to the issues to be tried. Therefore, Nelson's opinions on the removal will be excluded.

/ / /

1
          e. *Opinion related to school interviews of the Gil children.*

2
      Defendants seek to exclude Nelson's opinion that McCann had no basis to

3
interview L.G. and G.G. at school, arguing that her opinion is irrelevant and expresses a

4
legal opinion without foundation.  The Court disagrees.

5
      Nelson's specific opinion states:

6
    It is my opinion the social worker had no reason, basis, new referral and no

7
    suspicion that a child was in Imminent Danger of Serious Bodily Injury to

8
    justify her to re-interview the Gil children on February 26, 2013, without
    their mother's consent or court order or mother's presence. . . . It is my

9
    opinion such conduct constituted harassment and was unethical social work
    behavior.

10

11
    . . .

12
    It is my opinion the social worker did not have the right to re-interview the

13
    Gil children, even if there was an open investigation, when the social worker
    is told by the parent/caregiver not to interview the child, when there was no

14
    new referral, and there is no reasonable suspicion of imminent danger of

15
    serious bodily injury to that child.

16
(Pls.' Mot., Ex. A at 7).

17
      This opinion is relevant to Plaintiffs' *Monell* claim related to the school interviews.

18
To prove the *Monell* claim, Plaintiffs must prove that McCann deprived them of their

19
constitutional rights.  In other words, Plaintiffs will have to prove the underlying Fourth

20
Amendment violation.  One of the elements of a Fourth Amendment claim is that the

21
seizure was unreasonable.  *See* Ninth Circuit Model Jury Instruction 9.20.  Nelson's

22
opinion that McCann had no basis for the school interviews is relevant and helpful for the

23
jury to determine whether McCann acted reasonably.

24
      Defendants also argue that Nelson offers a legal opinion and that she lacks a

25
foundation to offer this opinion because she is not lawyer.  Contrary to Defendants'

26
assertion, McCann's opinion is based on her experience and qualifications as a social

27
worker.  Defendants have not contested that Nelson can qualify as an expert.  If Nelson

28
qualifies as an expert by knowledge, skill, experience, training, or education, she may

testify in the form of an opinion if her testimony meets the requirements of Federal Rule of Evidence 702.  Defendants do not dispute that her testimony satisfies those conditions. Thus, Plaintiffs can introduce this opinion.  On this basis, Defendants' motion is denied.

### f.  *Opinions related to documents sent to Family Court.*

Defendants seek to exclude Nelson's opinions that McCann and her supervisors failed in their duties and obligations to provide truthful, accurate, and complete information to the Family Court and that the protocol used by HHSA to send information to Family Court is not supported by standard practices and procedures for social workers and child abuse investigations.

They contend that the Court already "found *any* letter sent to Family Court regarding L and G did not cause any violation of Plaintiffs' rights." (Pls.' Mot. at 7 (emphasis added)).  Therefore, Nelson's opinions are not relevant to the remaining issues at trial.  But the Court's holding was not so broad.  The Court's ruling that Plaintiffs did not meet their burden to show a Fourteenth Amendment violation was limited to the March 7, 2013 Non-Custodial Parent Letter submitted to Family Court.  In addition to the March 7 letter, Nelson's opinion also mentions false letters sent on February 8 and February 14, 2013.  The remaining issues to be tried are whether McCann coerced Sara Dees's consent to the in-home interviews of L.G. and G.G. on February 7, 2013, and whether McCann's second interview of the children at school on February 26, 2013 pursuant to the school's interview policy constitutes a *Monell* violation.  Plaintiffs seek punitive damages.

The Court will reserve ruling on the admissibility of Nelson's opinions about the letters.  Nelson's opinion about HHSA protocols is tied to her opinions about the letters; therefore, the Court will also reserve on the admissibility of this opinion.

In sum, Defendants' motion to exclude Ms. Nelson's expert opinions is **GRANTED in part** and **DENIED in part**.

/ / /

/ / /

1

2.    Motion No. 2 – Lay Evidence of Emotional Distress

2        Defendants ask the Court to exclude lay opinion testimony and any evidence

3   "suggesting any changes in [Plaintiffs'] behavior or functioning were caused by

4   Plaintiffs' involvement in a child abuse investigation." (Defs.' Mot. at 2). They contend

5   that any evidence that Plaintiffs' pre-existing medical and mental health conditions were

6   made worse, or that changes in Plaintiffs' behavior were caused by McCann's actions or

7   the children's involvement in a child abuse investigation, requires expert testimony.

8        Plaintiffs counter that they do not intend to claim that any pre-existing medical

9   and/or mental health conditions were exacerbated by Defendants' alleged misconduct.

10  However, they do intend to call lay witnesses who are direct witnesses to the emotional

11  and mental distress caused by Defendants. Therefore, Defendants' motion is **DENIED**.

12  Defendants can vigorously cross-examine Plaintiffs' witnesses and object to particular

13  questions at trial.

14       Defendants also request exclusion of any evidence concerning damages caused by

15  being involved in the investigation as a whole. Rather, they argue that Plaintiffs'

16  damages evidence should be limited to the damages they allegedly suffered as a result of

17  the interviews themselves. The Court declines to rule on this issue. Defendants have not

18  identified what type of evidence might be properly excluded under this request, and the

19  Court will not speculate. Defendants may address their concern through objecting to

20  questions at trial. Defendants' motion is **DENIED.**

21

3.    Motion No. 3 – Reference to Other Child Welfare Investigations

22

Involving McCann

23       Defendants move to exclude any reference to another lawsuit involving a child

24  welfare investigation naming McCann as a defendant. Plaintiffs agree that such evidence

25  is irrelevant, but reserve the right to present evidence on this subject if Defendants open

26  the door to its relevance. Ruling on this motion is therefore premature. The motion is

27  **DENIED.**

28  / / /

4.   Motion No. 4 – Family Court Proceedings and the Events of the
Investigation Between February 8 and February 25, 2013

Defendants ask the Court to exclude evidence of Family Court proceedings and the parts of the investigation from February 8 to February 25, 2013 as irrelevant, unfairly prejudicial, and a waste of time under Federal Rules of Evidence 401 and 403. Defendants identify specific evidence they want excluded, but also request "all evidence, testimony, and arguments regarding events that took place between the home interviews [on February 7, 2013] and the school interview [on February 26, 2013] be excluded." (Defs.' Mot. at 6).

Defendants' motion is essentially a request to sanitize the case. They ignore that the "basic standard of relevance . . . is a liberal one." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993). Under Federal Rule of Evidence 401, evidence is relevant if it has "*any tendency* to make a fact more or less probable." Fed. R. Evid. 401 (emphasis added). What occurred between the home interviews and the school interviews is relevant to Plaintiffs' *Monell* claim. To prove that claim, Plaintiffs have to prove that McCann violated Plaintiffs' Fourth and Fourteenth Amendment constitutional rights when she interviewed the children at school. The events that occurred before the school interview are relevant to determining whether her actions in pursuing and conducting the school interview were reasonable. *See* U.S. Const., amend IV (protecting people against unreasonable seizures). The Court **DENIES** the motion.

## CONCLUSION

In summary, the Court rules as follows:

1. Deliberate indifference is not a required element of Plaintiffs' *Monell* claim;

2. Defendant McCann is not entitled to absolute immunity under California Government Code section 821.6;

3. The Court reserves ruling on which standard of culpability applies to the "shocks the conscience" element of Plaintiffs' Fourteenth Amendment claim until it hears all the evidence presented at trial;

4.  The Court denies Plaintiffs' Motions in Limine Nos. 1, 3, 4, and 5 (ECF Nos. 96, 98, 99, & 100);

5.  The Court grants in part and denies in part Plaintiffs' Motion in Limine No. 2 (ECF No. 97);

6.  The Court denies Defendants' Motions in Limine Nos. 2, 3, and 4 (ECF Nos. 102, 103, & 104);

7.  The Court grants in part and denies in part Defendants' Motion in Limine No. 1 (ECF No. 101).

**IT IS SO ORDERED.**

Dated:  January 17, 2017

Hon. Roger T. Benitez
United States District Judge